## Michael Galdini, Defendant in Error, v. Antonio Pezzuto and Michelina Pezzuto, Plaintiffs in Error.

### Gen. No. 18,294.

Damages—*remittitur*.  Where plaintiff sues for balance due on a building contract and for extra work, and defendants file a claim of set-off, a judgment cannot be sustained when the verdict is against the weight of the evidence, though the trial court required a remittitur but it does not appear from which of the claims the court made a deduction in ordering a remittitur.

Error to the Municipal Court of Chicago; the Hon. Hosea W. Wells, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1912.  Reversed and remanded.  Opinion filed March 25, 1913.

George E. Dawson, for plaintiffs in error.

S. M. Schall, for defendant in error.

Mr. Justice F. A. Smith delivered the opinion of the court.

The claim sued for in this case was for a balance of $400 alleged to be due on a building contract from defendants, plaintiffs in error here, to plaintiff below, and for extras amounting to $600, making the total claim sued for $1,000.

The defendants in their affidavit of merits say, that they had paid to the plaintiff and to his sub-contractors for work and materials and for work left undone by the plaintiff more than the contract price; that plaintiff failed to carry out and perform his contract in many particulars which are specified, and that plaintiff did not furnish the labor or materials as specified in his claim for extras; and that the plaintiff is indebted to the defendants by reason of the failure of the plaintiff to perform his contract in the sum of $587.10, for which a bill of items was filed with a claim of set-off.

The jury returned a verdict for $875 in favor of the plaintiff. The court required the plaintiff to remit $275, and entered judgment for $600.

The verdict and judgment are against the clear weight of the evidence, and must be set aside and a new trial awarded. The trial judge was of the opinion that the verdict was excessive and therefore required the remittitur. There were three general questions before the court and jury: (1) Was any balance due to the plaintiff on his contract? (2) Was he entitled to anything for extra work? and (3) Had the defendants a claim for set-off, and if so for how much? In requiring the remittitur, which of these general questions of fact did the trial judge decide? Did he decide the jury were mistaken as to one of these questions, and make the deduction from the verdict as to that claim, or did he make a deduction from each of plaintiff's claims? We agree with the trial judge that the verdict of the jury was contrary to the evidence. We cannot, moreover, find support in the evidence for the recovery of $600. The motion for a new trial should have been sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*